IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID J. BAKER, | ) | |
| | ) | Case No. 14-1027 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | and |
| TEAMSTERS LOCAL UNION NO. 120, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

Plaintiff David J. Baker ("Baker") for his claims against Defendant Teamsters Local Union No. 120 ("Local 120") alleges and states as follows:

## GENERAL ALLEGATIONS

1. Baker was, at all times material hereto, a member and elected Business Agent of the Local 120 and its predecessor, the Teamsters Local Union No. 421. Baker is a resident of Dubuque County, Iowa.

2. The Local 120 is a labor organization within the meaning of 29 U.S.C. § 402. The Local 120 represents workers in this judicial district.

3. This court has jurisdiction and venue is proper under Section 102 of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 412. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as one of Baker's claims involves a case or controversy arising under the federal Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*

## BACKGROUND

4. In January 1991, Baker was elected by the members of the Dubuque Teamsters' Local Union to serve as its Business Agent.

5. Baker served in the position for more than 20 years, consistently winning re-election.

6. Baker's duties involved facilitating grievances, negotiating contracts, and otherwise working on behalf of the union members in the Dubuque area.

7. Baker was a principal officer for Local 421 in Dubuque when the Local 421 merged with a larger Minnesota Local union, Local 120, in 2008.

8. As part of the merger agreement between the Local 421 and the Local 120, Baker became a Business Agent of the Local 120 until the end of his term in office.

9. At the end of his term, Baker again won re-election and continued to serve as Business Agent to the Local 120.

10. The leadership of the Local 120 was removed because of alleged financial improprieties, which did not involve Baker or the Dubuque operation, in November 2012.

11. On November 13, 2012, a Trustee was appointed to the Local 120.

12. Baker was required to attend a local membership meeting on December 13, 2012, and answer questions regarding the Trustee.

13. Baker made statements to the membership regarding the Trustee in response to the membership's questions.

14. Baker was discharged by the Trustee on December 17, 2012.

15. Baker was told by the Trustee that he was discharged for the statements he made at the December 13, 2012 membership meeting.

16. As an officer for the Local 120, Baker was eligible for lifetime health and welfare benefits under the Teamster's Health & Welfare Plan (the "Plan") upon the termination of his employment with the Local 120.

17. On July 30, 2014, Baker made a claim for lifetime health and welfare benefits.

18. On August 26, 2014, the Local 120 denied Baker's claim for benefits.

## COUNT I

## VIOLATION OF THE LMRDA §101(a)(2)– INFRINGEMENT OF FREE SPEECH

19. Plaintiff incorporates by this reference the allegations set forth in Paragraphs 1-18 of the Complaint as if fully set forth herein.

20. Section 101(a)(2) of the LMRDA protects the right of union members to express any views, arguments or opinions at meetings of the labor organization.

21. In making statements to the membership regarding the Trustee at the Local 120 membership meeting on December 13, 2012, Baker was exercising his right to free speech under the LMRDA.

22. Section 101(a)(2) of the LMRDA prohibits any infringement of that free speech by union members and officers.

23. Local 120 discharged Baker in substantial part because of his exercise of his rights to free speech under the LMRDA.

24. As a proximate result of the Local 120's actions, Baker has suffered damages.

## COUNT II

## VIOLATION OF THE ERISA, 29 U.S.C. §1001, et seq.

25. Plaintiff incorporates by this reference the allegations set forth in Paragraphs 1-18 of the Complaint as if fully set forth herein.

3

26. The Plan is a qualified employee welfare benefit plan under 29 U.S.C. §1002(1)(A).

27. Baker was and continues to be eligible for benefits under the Plan as a former officer of the Local 120 who served for more than nine years.

28. The Local 120 discharged Baker for the purpose of interfering with his attainment of benefits to which he was entitled under the Plan.

29. The Local 120 wrongfully denied Baker benefits to which he was entitled under the Plan.

30. The Local 120's denial of benefits to Baker is a violation of the ERISA.

31. Baker is entitled to damages, including the recovery of benefits and reasonable attorney fees and costs, arising from the Local 120's interference with and denial of benefits to which Baker is entitled under the Plan.

WHEREFORE the Plaintiff, David J. Baker, respectfully requests that this Court grant judgment in his favor and award all damages allowable by law, including reasonable attorney fees, and for such other and further relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a jury on all issues so triable.

SIMMONS PERRINE MOYER BERGMAN PLC

By: /s/ Kevin J. Visser
Kevin J. Visser, AT0008101
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
Tel: 319-366-7641; Fax: 319-366-1917
Email: kvisser@simmonsperrine.com

ATTORNEYS FOR PLAINTIFF