IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| DAVID J. BAKER, | ) |
| Plaintiff, | ) Case No. 14-1027 |
| vs. | ) AMENDED COMPLAINT |
| | ) and |
| TEAMSTERS LOCAL UNION NO. 120, | ) JURY DEMAND |
| Defendant. | ) |

Plaintiff David J. Baker ("Baker") for his claims against Defendant Teamsters Local Union No. 120 ("Local 120") alleges and states as follows:

## GENERAL ALLEGATIONS

1. Baker was, at all times material hereto, a member and elected Business Agent of the Local 120 and its predecessor, the Teamsters Local Union No. 421. Baker is a resident of Dubuque County, Iowa.

2. The Local 120 is a labor organization within the meaning of 29 U.S.C. § 402. The Local 120 represents workers in this judicial district.

3. This court has jurisdiction and venue is proper under Section 102 of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 412. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as one of Baker's claims involves a case or controversy arising under the federal Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*.

## BACKGROUND

4. In January 1991, Baker was elected by the members of the Dubuque Teamsters' Local Union to serve as its Business Agent.

5. Baker served in the position for more than 20 years, consistently winning re-election.

6. Baker's duties involved facilitating grievances, negotiating contracts, and otherwise working on behalf of the union members in the Dubuque area.

7. Baker was a principal officer for Local 421 in Dubuque when the Local 421 merged with a larger Minnesota Local union, Local 120, in 2008.

8. As part of the merger agreement between the Local 421 and the Local 120, Baker became a Business Agent of the Local 120 until the end of his term in office.

9. At the end of his term, Baker again won re-election and continued to serve as Business Agent to the Local 120.

10. The leadership of the Local 120 was removed because of alleged financial improprieties, which did not involve Baker or the Dubuque operation, in November 2012.

11. On November 13, 2012, a Trustee was appointed to the Local 120.

12. Baker was required to attend a local membership meeting on December 13, 2012, and answer questions regarding the Trustee.

13. Baker made statements to the membership regarding the Trustee in response to the membership's questions.

14. Baker was discharged by the Trustee on December 17, 2012.

15. Baker was told by the Trustee that he was discharged for the statements he made at the December 13, 2012 membership meeting.

16. As an officer for the Local 120, Baker was eligible for lifetime health and welfare benefits under the Teamster's Health & Welfare Plan (the "Plan") upon the termination of his employment with the Local 120.

17. On July 30, 2014, Baker made a claim for lifetime health and welfare benefits.

18. On August 26, 2014, the Local 120 denied Baker's claim for benefits.

19. On February 12, 2015, the Local 120 filed a claim with its insurance carrier, Zurich, alleging improper use of credit card by Baker during his employment as a Business Agent for the Local 120.

20. On February 20, 2015, Zurich contacted Baker in relation to the Local 120's claim stating that it would seek reimbursement from Baker for any payments made to the Local 120 on the claim.

21. On March 7, 2015, the Local 120 filed a counterclaim against Baker alleging that he breached a fiduciary duty to the union and its members during his employment as a Business Agent for the Local 120.

22. The Local 120 had over two years to file an insurance claim or lawsuit against Baker for any alleged improprieties that occurred during his employment, but did not do so until Baker filed this lawsuit.

## COUNT I

## VIOLATION OF THE LMRDA §101(a)(2)– INFRINGEMENT OF FREE SPEECH

23. Plaintiff incorporates by this reference the allegations set forth in Paragraphs 1-22 of the Complaint as if fully set forth herein.

24. Section 101(a)(2) of the LMRDA protects the right of union members to express any views, arguments or opinions at meetings of the labor organization.

25. In making statements to the membership regarding the Trustee at the Local 120 membership meeting on December 13, 2012, Baker was exercising his right to free speech under the LMRDA.

26. Section 609 of the LMRDA prohibits union members and officers from fining, suspending, expelling or otherwise disciplining union members for exercising their rights under the LMRDA.

27. Local 120 discharged Baker in substantial part because of his exercise of his rights to free speech under the LMRDA.

28. As a proximate result of the Local 120's actions, Baker has suffered damages.

## COUNT II

### VIOLATION OF THE ERISA, 29 U.S.C. §1001, et seq.

29. Plaintiff incorporates by this reference the allegations set forth in Paragraphs 1-22 of the Complaint as if fully set forth herein.

30. The Plan is a qualified employee welfare benefit plan under 29 U.S.C. §1002(1)(A).

31. Baker was and continues to be eligible for benefits under the Plan as a former officer of the Local 120 who served for more than nine years.

32. The Local 120 discharged Baker for the purpose of interfering with his attainment of benefits to which he was entitled under the Plan.

33. The Local 120 wrongfully denied Baker benefits to which he was entitled under the Plan.

34. The Local 120's denial of benefits to Baker is a violation of the ERISA.

4

35. Baker is entitled to damages, including the recovery of benefits and reasonable attorney fees and costs, arising from the Local 120's interference with and denial of benefits to which Baker is entitled under the Plan.

## COUNT III

## RETALIATION UNDER THE LMRDA §§101(a)(4)

36. Plaintiff incorporates by this reference the allegations set forth in Paragraphs 1-22 of the Complaint as if fully set forth herein.

37. Section 101(a)(4) of the LMRDA protects the right of union members to file suit against the union.

38. In filing this lawsuit against the Local 120, Baker was exercising his right to sue under the LMRDA.

39. Section 609 of the LMRDA prohibits labor organizations and their officers and agents from fining, suspending, expelling or otherwise disciplining union members for exercising their rights under the LMRDA.

40. After Baker filed his lawsuit, the Local 120 retaliated against Baker by filing its insurance claim and counterclaim.

41. The Local 120's actions in filing its insurance claim and counterclaim against Baker had the effect of disciplining Baker for exercising his right to sue under the LMRDA.

42. The Local 120 would not have filed its insurance claim or counterclaim, but for Baker's filing of the lawsuit.

43. By filing its insurance claim and counterclaim, the Local 120 intended to dissuade Baker and other employees from filing lawsuits.

44. As a proximate result of the Local 120's actions, Baker has suffered and will suffer damages.

## COUNT IV

## RETALIATION UNDER THE ERISA, 29 U.S.C. §1140

45. Plaintiff incorporates by this reference the allegations set forth in Paragraphs 1-23 of the Complaint as if fully set forth herein.

46. Baker filed a lawsuit alleging the Local 120 violated the ERISA.

47. In filing this lawsuit, Baker was exercising his rights under the ERISA.

48. Pursuant to 29 U.S.C. §1140, it is unlawful to discharge, fine, suspend, expel or discriminate against any person for participating in an ERISA proceeding.

49. After Baker filed his lawsuit, the Local 120 retaliated against Baker by filing its insurance claim and counterclaim.

50. The Local 120 would not have filed its insurance claim or counterclaim but for Baker's filing of the lawsuit.

51. By filing its insurance claim and counterclaim, the Local 120 intended to dissuade Baker and other employees from filing lawsuits.

52. As a proximate result of the Local 120's actions, Baker has suffered and will suffer damages.

WHEREFORE the Plaintiff, David J. Baker, respectfully requests that this Court grant judgment in his favor and award all damages allowable by law, including reasonable attorney fees, and for such other and further relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a jury on all issues so triable.

        SIMMONS PERRINE MOYER BERGMAN PLC


        By: /s/ Kevin J. Visser
        Kevin J. Visser, AT0008101
        115 Third Street SE, Suite 1200
        Cedar Rapids, IA 52401-1266
        Tel: 319-366-7641; Fax: 319-366-1917
        Email: kvisser@simmonsperrine.com

        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2015, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Mark T. Hedberg
Hedberg & Boulton, PC
100 Court Avenue, Suite 425
Des Moines, IA 50309
mark@hedberglaw.com

Katrina E. Joseph
Teamsters Local Union No. 120
9422 Ulysses Street NE
Blaine, MN 55434
kjoseph@teamsterslocal120.org

        /s/ Kevin J. Visser