IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| DAVID J. BAKER, ) | |
| ) | Case No. 14-1027 |
| Plaintiff, ) | |
| ) | |
| vs. ) | BRIEF IN SUPPORT OF |
| ) | MOTION TO COMPEL |
| TEAMSTERS LOCAL UNION NO. 120, ) | |
| ) | |
| Defendant. ) | |

Plaintiff David J. Baker ("Mr. Baker") submits the following Brief in support of his Motion to Compel pursuant to Local Rule 7(d):

## I. BACKGROUND

On May 7, 2015, Defendant served its Initial Disclosures identifying William Moore, Joseph Dwyer, John Rosenthal, Kandi Stallsmith and Kris Rademacher, among others, as persons with discoverable information regarding Mr. Baker's claims in this matter. (See Defendant's Initial Disclosures, attached hereto as Exhibit A). No addresses or telephone numbers for these witnesses were provided at that time and Defendant's Initial Disclosures have never been supplemented. (Id.)

On May 21, 2015, Mr. Baker served interrogatories requesting information about persons with knowledge regarding the claims and defenses in this matter. (See Plaintiff's Interrogatory No. 2, attached hereto as Exhibit B). Defendant responded on June 23, 2015, again identifying the above-referenced individuals as well as Dave Dean. (See Defendant's Answer to Interrogatory No. 2, attached hereto as Exhibit C). Defendant further provided addresses for the individuals stating that William Moore ad Joseph Dwyer could be reached

at the International Brotherhood of Teamsters in Washington, D.C., John Rosenthal and Kandi Stallsmith were located at Defendant's office in Dubuque, Kristine Rademacher was located at Defendant's office in Blaine, Minnesota and Dave Dean was located in Cuba City, Wisconsin. (See Defendant's Answers to Interrogatory Nos. 4 and 21, attached hereto as Exhibit C). Defendant has not supplemented its Initial Disclosures of Answers to Interrogatories in this matter.

On November 5, 2015, Mr. Baker sent a letter to Defendant's counsel requesting dates for the depositions of William Moore, Joseph Dwyer, John Rosenthal, Kandi Stallsmith, Kris Rademacher and Dave Dean. (See Correspondence, attached hereto as Exhibit D). Nearly two weeks later, on November 17, 2015, Defendant's counsel responded agreeing to make John Rosenthal, Kandi Stallsmith, and Dave Dean available for deposition in Dubuque, Iowa. (See Correspondence, attached hereto as Exhibit E). Defendant's counsel further indicated that Ms. Rademacher was now living in Wisconsin and Mr. Dwyer was now living in Arizona, but that Defendant would make them available in Dubuque if Plaintiff paid their mileage fees. (Id.) Finally, Defendant's counsel stated that she was attempting to arrange Mr. Moore's deposition through the International Brotherhood of Teamsters, requested that she be involved in any scheduling discussions, and that she hoped to have a response from the International Union soon. (Id.) The very next day (November 18, 2015), Mr. Baker responded to Defendant's counsel including a notice of deposition for John Rosenthal, Kandi Stallsmith, Dave Dean and Kris Rademacher. (See Correspondence, attached hereto as Exhibit F). Mr. Baker requested Mr. Dwyer's address to arrange for service of a subpoena for his deposition, stated his intention to depose Mr. Dwyer via telephone so as to limit expense and inconvenience, and asked if

he should contact the International Union directly to arrange for the deposition of Mr. Moore. (Id.) Mr. Baker further requested that Defendant provide the contact information for the appropriate individual at the International Union. (Id.) Defendant did not respond to Mr. Baker's request for additional information regarding the contact information for Mr. Dwyer and Mr. Moore, i.e., the name of the International Union's counsel or person through whom Mr. Baker should go through to schedule depositions and/or serve subpoenas.

On November 30, 2015, Mr. Baker requested to change the location of the depositions to a location less than two miles from the location previously stated on the deposition notice[1]. (See E-Mail Correspondence, attached hereto as Exhibit G). Defendant's counsel refused to agree to the location change[2], refused to agree to a telephonic deposition of its Arizona-based witness, Joseph Dwyer, and stated for the first time that she would not be producing William Moore for deposition or cooperating in the effort ("As it relates to Mr. Moore's deposition, as I indicated, I do not represent him or the International's interests, so proceed however you like."). (See E-Mail Correspondence, attached hereto as Exhibit H).

Defendant has not provided the contact information necessary for Mr. Baker to subpoena the witnesses it previously agreed to produce voluntarily. Defendant's failure to supplement its disclosures and/or discovery responses bars Mr. Baker from the information he needs to obtain the depositions of critical witnesses in this case. Furthermore,

---

[1] An Amended Notice of Deposition was subsequently issued. (See Amended Notice of Depositions, attached hereto as Exhibit I).
[2] Based on Defendant's December 1, 2015 3:36 p.m. email it is unclear whether the location change is now agreeable, but it appears that Defendant's counsel is now requiring that the witnesses it previously agreed to voluntarily produce be subpoenaed with witness and mileage fees paid. (See E-mail Correspondence attached hereto as Exhibit J).

3
Case 2:14-cv-01027-LRR   Document 17-1   Filed 12/01/15   Page 3 of 9

Defendant's refusal to produce these witnesses for deposition as noticed and previously agreed is causing Mr. Baker difficulties in obtaining the discovery necessary to prove his claims.

## II.    ARGUMENT

### A.    The Information Requested is Relevant and Discoverable.

The Federal Rules of Civil Procedure require parties to disclose the name, address and telephone number of each individual likely to have discoverable information. Fed. R. Civ. P. 26(a)(1)(A)(i). Furthermore, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The rules further require parties to supplement their disclosures or answers to interrogatories in a timely manner when additional information is available. Fed. R. Civ. P. 26(e)(1)(A).

Defendant indicated in its answers to interrogatories that each of the witnesses Mr. Baker now seeks to depose has relevant information and that it intends to call them as witnesses at trial. (See Defendant's Answer to Interrogatory No. 2, attached hereto as Exhibit C). Therefore, there is no dispute that these witnesses have relevant information. Mr. Baker is entitled to the addresses and telephone number of defendant's witnesses as a matter of right. Fed. R. Civ. P. 26(a)(1)(A)(i); *Edgar v. Finley*, 312 F.2d 533, 536 (8th Cir. 1963). *See also Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 513 (D.S.D. 2015)(compelling defendant to provide address of former employee witness so that plaintiff could serve witness with subpoena).

As evidenced by the correspondence from Defendant's counsel, Defendant possesses additional information regarding the addresses of at least Kris Rademacher and Joseph

Dwyer. (See Correspondence, attached hereto as Exhibit E). In addition, Defendant has access to additional information regarding the address of William Moore by virtue of Defendant's association with the International Brotherhood of Teamsters. (Id.)

Mr. Baker requests that Defendant be compelled to supplement its Initial Disclosures and/or Answers to Interrogatories with additional information regarding the current address and telephone number of each of its witnesses.

### B. Requiring Defendant's Witnesses to Appear for Deposition as Noticed is Reasonable and Equitable.

A party seeking to take a deposition must give reasonable written notice to other parties, identifying the deponent and stating the time and place of the deposition. Fed. R. Civ. P. 30(b)(1). If a person to be deposed is a party to the action, it is sufficient to serve on that party, a notice in writing of the date, time and location for the deposition pursuant to Rule 30 and no subpoena is required. *Gowan*, 309 F.R.D. at 513 (*citing Peitzman v. City of Illmo,* 141 F.2d 956, 960 (8th Cir. 1944)). If a corporation is a party to an action, that corporation's officers, directors, or managing agents may be commanded to appear via a notice of deposition served on the corporate party's attorney. *Id*. (internal citations omitted).

Pursuant to Rule 30, Mr. Baker issued a notice for the depositions of John Rosenthal, Kandi Stallsmith, Kris Rademacher and Dave Dean to occur at the Defendant's office in Dubuque. (See Exhibit F). However, due to the circumstances surrounding his termination and this lawsuit, Mr. Baker does not feel comfortable attending the depositions at the Defendant's office and requested to change the location to alternate locations nearby. When Defendant unreasonably refused to agree to the location changes, Mr. Baker issued

an amended notice and provided counsel with subpoenas for the witnesses[3]. (See Exhibit I). However, because of the short amount of time prior to the depositions, Mr. Baker does not have time to serve the subpoenas on the individual witnesses. Defendant will not be prejudiced by the location change. The new locations are less than two miles from the location Defendant voluntarily agreed to produce the witnesses. Mr. Baker requests that Defendant be ordered to produce its witnesses as set forth in the Amended Notice of Deposition.

     Mr. Baker notified Defendant a month ago that it intended to take the depositions of William Moore and Joseph Dwyer and Defendant offered to facilitate the scheduling of those depositions. (Exhibit E). Mr. Baker further requested information to assist him in issuing subpoenas for those depositions (information which should have been provided and/or supplemented months ago). (Exhibit F). Now, a week before discovery ends, Defendant is unreasonably refusing to cooperate. (Exhibit H). There has been no misunderstanding – Defendant has blatantly stonewalled and is obstructing Mr. Baker's efforts to schedule depositions, which were undertaken in good faith and have been underway in earnest for nearly a month now. Such tactics should not be countenanced.

     In order to save all parties the time and expense of traveling to Arizona (or perhaps Billings, MT – where Defendant's counsel disclosed for the first time today (December 1, 2015) – that Dwyer resides) or having Mr. Dwyer travel to Iowa, Mr. Baker seeks to take his deposition by telephone, but Defendant has refused. There is nothing confusing or delay-invoking about telephonic depositions and it seems poor policy to effectively discourage parties from streamlining efforts and minimizing litigation costs whenever possible. It is

---

[3] Moreover, as an officer of Defendant, Mr. Rosenthal does not require a subpoena to command his attendance. *Gowan*, 309 F.R.D. at 513.

also puzzling that Defendant's counsel disclaims any representation of or control over Moore, but yet claims to represent Dwyer, when both have been identified as employees of the International Union. Exhibit C. Pursuant to Rule 30, the court may order a deposition be taken by telephone or other remote means. Fed. R. Civ. P. 30(b)(4). Telephonic depositions are common and Defendant cannot show that it will suffer any prejudice if Mr. Dwyer's deposition is conducted by telephone.

Defendant failed to facilitate scheduling Mr. Moore's deposition as promised and further failed to provide information regarding Mr. Moore's current whereabouts, making it impossible for Mr. Baker to schedule his deposition – via notice or subpoena. For Defendant's discovery abuses, Mr. Baker requests that Defendant be compelled to produce Mr. Moore for deposition at the undersigned's office, or an alternate location selected by Mr. Baker.

The district court is allowed "great latitude" in discovery matters. *Nitro Distributing, Inc. v. Alitcor, Inc.,* 565 F.3d 417, 430 (8th Cir. 2009); *Pleasants v. Am. Express Co.,* 541 F.3d 853, 859 (8th Cir. 2008). When the parties are unable to agree upon a location for depositions, the courts have broad discretion in selecting the location. *Catipovic v. Turley*, 2013 WL 1718061, at *9 (N.D. Iowa 2013) (*citing New Medium Technologies LLC v. Barco N. V.,* 242 F.R.D. 460, 466 (N.D.Ill.2007)).

Mr. Baker requests that Defendant be compelled to appear and produce its witnesses for testimony as set forth in the Amended Notice of Deposition.

### III. CONCLUSION

Pursuant to Local Rule 7(j), Mr. Baker seeks expedited relief on his motion to compel, so that he may have ample time to complete necessary discovery following the

Court's ruling on this motion and prior to the December 8, 2015 discovery deadline. In the alternative, Mr. Baker requests that the discovery deadline be extended by 30 days in order to allow ample time for discovery to be completed.

WHEREFORE, Mr. Baker respectfully requests that the Court enter an expedited Order as follows: 1) compelling Defendant to supplement its Initial Disclosure and/or Answers to Interrogatories to provide complete current addresses and telephone numbers for each person with discoverable information; 2) compelling Defendant to appear and produce its witnesses for deposition at the locations, dates and times stated on the Amended Notice of Depositions; 3) stating that Defendant's non-compliance with the Order will result in sanctions; and whatever additional relief the court deems just and necessary.

SIMMONS PERRINE MOYER BERGMAN PLC

By: /s/ Kevin J. Visser
Kevin J. Visser AT0008101
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Telephone: 319-366-7641
Facsimile: 319-366-1917
E-mail: kvisser@simmonsperrine.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2015, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Mark T. Hedberg
Hedberg & Boulton, PC
100 Court Avenue, Suite 425
Des Moines, IA 50309
mark@hedberglaw.com

Katrina E. Joseph
Teamsters Local Union No. 120
9422 Ulysses Street NE

Blaine, MN 55434
kjoseph@teamsterslocal120.org /s/ Kevin J. Visser