IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| DAVID J. BAKER, ) | Case No. 14-1027 |
| Plaintiff, ) | |
| vs. ) | PLAINTIFF'S STATEMENT OF |
| ) | UNDISPUTED MATERIAL FACTS |
| TEAMSTERS LOCAL UNION NO. 120, ) | IN SUPPORT OF MOTION FOR |
| ) | SUMMARY JUDGMENT |
| Defendant. ) | |

Plaintiff David J. Baker (hereinafter "Baker") hereby submits his Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment pursuant to Local Rule 56(a)(3) as follows:

1. In 1991, Baker was elected by the members of the Dubuque Teamsters' Local Union No. 421 to serve as its President/Business Agent. (*See* Plaintiff's Appendix in Support of Motion for Summary Judgment (hereinafter "P-App.") 3; Baker Dep. p. 8:16-20).

2. In August 2008, the Local 421 merged with the Teamsters Local Union No. 120 (hereinafter the "Local 120"). (P-App. 4; Baker Dep. p. 14:8-10).

3. After the merger, Baker continued to serve as an elected Business Agent for the Local 120. (P-App. 5; Baker Dep. p. 19:6-10).

4. The leadership of the Local 120, not including Baker, was removed because of alleged financial improprieties in November 2012. (P-App. 10-12; Moore Dep. pp. 23:22-24:14; 32:25-34:6).

5. William Moore (hereinafter "Moore") was appointed Trustee of the Local

120 and Joseph Dwyer (hereinafter "Dwyer") was appointed the Assistant Trustee. (P-App. 37, 41; Kris Rademacher (hereinafter "Rademacher") Dep. p. 47:16-17; Dwyer Dep. p. 13:20-23).

6. Baker's employment was terminated by Moore on December 17, 2012. (P-App. 6; Baker Dep. p. 33:18-21).

7. In his termination meeting, with Dwyer present, Moore told Baker that he was being terminated, but did not include any alleged credit card misuse as a reason for his termination. (P-App. 7-8, 42, 56; Baker Dep. pp. 34:5-35:2; Dwyer Dep. pp. 18:6-23, 20:18-25; Unemployment Appeal Hearing Transcript, p. 37:18-22).

8. After Baker's termination, in approximately May or June of 2013, the International Brotherhood of Teamsters (hereinafter "IBT") began an audit of all credit card holders of the Local 120. (P-App. 13, 37; Moore Dep. p. 104:5-15; Rademacher Dep. p. 47:7-11).

9. The IBT audit found alleged improper charges by the majority of the Local 120 business agents audited. (P-App. 38, 49-50; Rademacher Dep. p. 49:1-3, 15-20; Local 120 Answer to Interrogatory No. 20).

10. In the summer of 2014, the Local 120 filed a claim with its insurance company, Zurich American Insurance Company/Fidelity & Deposit Company of Maryland (the "Bonding Company"), relating to some the alleged improper credit card charges found in the IBT audit. (P-App. 14, 43; Moore Dep. p. 107:21-23; Dwyer Dep. 22:16-21). The original claim did not include any alleged charges by Baker. (P-App. 14, 43; Moore Dep. p. 108:1-6; Dwyer Dep. p. 22:22-25).

11. After this lawsuit was filed, on February 12, 2015, the Local 120 filed another claim with the Bonding Company alleging improper charges by Baker. (P-App. 15, 18-31, 39, 46; Moore Dep. pp. 122:13-123:23; Deposition Exhibit No. 18; Rademacher Dep. p. 60:16-19; John Rosenthal (hereinafter "Rosenthal") Dep. p. 78:15-19).

12. The trusteeship ended on January 18, 2015. (P-App. 43; Dwyer Dep. p. 24:23-24).

13. Other business agents of the Local 120 were also found to have made improper credit card charges as part of the audit process and no claim was filed with respect to those business agents. (P-App. 43, 49-50; Dwyer Dep. p. 23:3-13; Local 120 Answer to Interrogatory No. 20).

14. In March 2015, the Bonding Company notified the Local 120 that it was going to pay the claim with respect to Baker's alleged improper credit card charges. (P-App. 16, 32-35; Moore Dep. p. 126:2-13; Deposition Exhibit No. 20).

15. The Bonding Company paid the Local 120 on the claim and the Local 120 executed a Release and Assignment of Claims on March 26, 2015. (P-App. 17, 46-47, 60; Moore Dep. p. 129:16-21; Rosenthal Dep. pp. 78:20-79:4, 111:3-13; Executed Release and Assignment).

16. The Release and Assignment signed by the Local 120 provides in pertinent part as follows: "Local Union No. 120, do[es] hereby sell, assign, transfer and set over unto the Fidelity and Deposit Company of Maryland the said account…against David J. Baker…" (P-App. 60; Executed Release and Assignment).

3

SIMMONS PERRINE MOYER BERGMAN PLC

By: /s/ Kevin J. Visser
Kevin J. Visser AT0008101
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
E-mail: kvisser@simmonsperrine.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2016, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Mark T. Hedberg
Hedberg & Boulton, PC
100 Court Avenue, Suite 425
Des Moines, IA 50309
mark@hedberglaw.com

Katrina E. Joseph
Teamsters Local Union No. 120
9422 Ulysses Street NE
Blaine, MN 55434
kjoseph@teamsterslocal120.org

/s/ Kevin J. Visser