# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DAVID J. BAKER,<br><br>    Plaintiff,<br><br>vs.<br><br>TEAMSTERS LOCAL UNION NO. 120,<br><br>    Defendant.<br><hr>TEAMSTERS LOCAL UNION NO. 120,<br><br>    Counter Claimant,<br><br>vs.<br><br>DAVID J. BAKER,<br><br>    Counter Defendant. | No. 14-CV-1027-LRR<br><br>**ORDER** |

The matter before the court is Plaintiff David J. Baker's "Motion to Strike Defendant's Reply in Support of Motion for Summary Judgment" ("Motion") (docket no. 33), which Baker filed on February 16, 2016. In the Motion, Baker requests that the court strike Defendant's "Reply Memorandum of Law in Support of its Motion for Partial Summary Judgment" ("Reply") (docket no. 32) or, in the alternative, grant Baker leave to file a surreply. Motion at 1. In the Motion, Baker argues that Defendant included a new argument in the Reply that it did not include in its Motion for Summary Judgment (docket no. 24). Motion at 1. In particular, in the Reply, Defendant argues that Baker has failed to demonstrate the existence of a genuine issue of material fact as to his claim that "he was wrongfully denied benefits under ERISA when [Defendant] denied 'his lifetime benefits under the Plan.'" Reply at 9. Baker argues that the inclusion of this new

argument in the Reply, when it was not raised in the initial Motion for Summary Judgment, is grounds to strike the Reply in its entirety. Brief in Support of the Motion (docket no. 33-1) at 2 (citing *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 255 F.R.D. 645, 649 n.1 (N.D. Iowa 2009) (collecting cases)); *see also* LR 7(g) (stating that a moving party may file a reply "to assert newly-decided authority or to respond to new and unanticipated arguments made in the resistance").

Although the argument regarding whether Defendant improperly denied Baker benefits under ERISA was not argued in Defendant's Motion for Summary Judgment, *see* Brief in Support of the Motion for Summary Judgment (docket no 24-2) at 14-16, "striking a party's pleadings is an extreme measure, and, as a result, [the Eighth Circuit Court of Appeals] ha[s] previously held that '[m]otions to strike . . . are viewed with disfavor and are infrequently granted.'" *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (third alteration in original) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). Therefore, the court will not strike the Reply and will instead allow Baker to file a surreply. Baker must file his surreply **by no later than February 26, 2016** and may only respond to Defendant's argument regarding the wrongful denial of ERISA benefits. Accordingly, the Motion is **GRANTED**.

**IT IS SO ORDERED.**

**DATED** this 19th day of February, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA